IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| COREY EGNER, #S14263, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 19-cv-1213-SMY |
| | ) |
| JEFFREY DENNISON, | ) |
| MHP BETTIS, | ) |
| MH SUPERVISOR JUSTICE, and | ) |
| KYLE BERNARD, | ) |
| | ) |
| Defendants. | ) |

# MEMORANDUM AND ORDER

**YANDLE, District Judge:**

Plaintiff Corey Egner, an inmate of the Illinois Department of Corrections ("IDOC") currently incarcerated at Pinckneyville Correctional Center ("Pinckneyville"), brings this civil rights action pursuant to 42 U.S.C. § 1983 for alleged deprivations of his constitutional rights. Plaintiff asserts several claims related to his time in Shawnee Correctional Center ("Shawnee"), including Eighth Amendment claims regarding conditions of confinement and deliberate indifference to a serious mental health problem. He seeks injunctive and monetary relief.

The Complaint (Doc. 5)[1] is now before the Court for preliminary review under 28 U.S.C. § 1915A, which requires the Court to screen prisoner Complaints to filter out non-meritorious claims. 28 U.S.C. § 1915A(a). Any portion of a Complaint that is legally frivolous or malicious, fails to state a claim for relief, or requests money damages from an immune defendant must be

---

[1] Plaintiff originally filed his claims as part of a multi-plaintiff suit (19-cv-482-SMY). He later individually filed an Amended Complaint and asked to be severed into his own case. (Doc. 1). Although Document 5 is labeled "First Amended Complaint," the Court will refer to it simply as "the Complaint" for this case.

1

dismissed. 28 U.S.C. § 1915A(b). At this juncture, the factual allegations are liberally construed. *Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

## The Complaint

Plaintiff makes the following allegations in his Complaint: In February and March 2019, Plaintiff was placed in a crisis watch cell that was filthy and continually lit, without hygiene supplies and with a broken window that made the temperature unbearable. (Doc. 5, p. 6). Plaintiff complained about the conditions to Bettis, a Mental Health Professional who had authorized his placement in that cell, but she refused to have him moved or to otherwise address the problem. (*Id.*). Plaintiff was also denied relief by Justice, a Mental Health Supervisor, and Warden Dennison. (*Id.*).

Plaintiff was also denied adequate mental health care by Bettis, who would see him infrequently for five minutes and then falsify records to suggest she had provided therapy. (*Id.*, pp. 6, 8). Additionally, Justice changed his designation from Seriously Mentally Ill ("SMI") to Not SMI even though his symptoms and issues had not changed.

On February 27, 2019, Plaintiff informed corrections officer Bernard that he was feeling suicidal; Bernard responded that he should kill himself. (*Id.*, p. 8). Bernard later retaliated against Plaintiff for using the prison grievance procedures by making "false al[l]egations…causing [Plaintiff] to face criminal charges." (*Id.*).

Based on the allegations in the Complaint, the Court finds it convenient to organize this *pro se* action into the following Counts:

**Count 1:** **Eighth Amendment deliberate indifference claim against Bettis, Justice and Dennison for subjecting Plaintiff to unconstitutional conditions of confinement.**

**Count 2:** **Eighth Amendment deliberate indifference to a serious medical condition claim against Bettis and Bernard.**

> **Count 3:** Fourteenth Amendment due process claim against Justice and Bettis for changing his SMI designation.
>
> **Count 4:** First Amendment retaliation claim against Bernard.

**Any other claim that is mentioned in the Complaint but not addressed herein should be considered dismissed without prejudice as inadequately pled under *Twombly*.**[2]

## Discussion

### Count 1

Plaintiff has adequately stated a claim against Bettis, Dennison and Justice for deliberate indifference to unconstitutional conditions of confinement.

### Count 2

Plaintiff adequately states a claim for deliberate indifference to a serious health condition against Bettis and Bernard. Although Plaintiff does not specify the mental health condition he suffers from, based on his placement in a crisis watch cell for at least a portion of two months and suicidality, the conditions appears to be objectively serious.

Plaintiff's allegations that Bettis was aware of his mental health issues but provided perfunctory visits and falsified records to suggest more robust treatment are sufficient to suggest deliberate indifference on her part. Similarly, Plaintiff's alleged statement to Bernard that he was feeling suicidal (and Bernard's response encouraging him to do it instead of alerting mental health staff) are sufficient to meet the subjective indifference requirement. Therefore, Count 2 will proceed against Bettis and Bernard.

### Count 3

---

[2] *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

Plaintiff has failed to plead a cognizable claim against Justice and Bettis for changing his SMI designation despite no change in his symptoms or problems. In order to have a viable due process claim, a plaintiff must have a protect liberty interest. *Meachum v. Fano*, 427 U.S 215, 223-24 (1976). SMI is not a medical diagnosis, but rather an administrative designation or classification, and an inmate does not have a protected interest in a particular classification. *DeTomaso v. McGinnis*, 970 F.2d 211, 212 (7th Cir. 1992) ("[P]risoners possess neither liberty nor property in their classifications and prison assignments."). Count 3 will therefore be dismissed.

### Count 4

A First Amendment retaliation claim requires a plaintiff show that "(1) he engaged in activity protected by the First Amendment; (2) he suffered a deprivation that would likely deter First Amendment activity in the future; and (3) the First Amendment activity was 'at least a motivating factor' in the Defendants' decision to take the retaliatory action." *Gomez v. Randle*, 680 F.3d 859, 866 (7th Cir. 2012) (citation omitted).

Filing of grievances is a "protected activity." *Perez v. Fenoglio*, 792 F.3d 768, 783 (7th Cir. 2015). Making false accusations that result in criminal charges is certainly conduct likely to dissuade a reasonable person from filing future grievances, and Plaintiff alleges retaliation was Bernard's motive in making those accusations. Thus, Plaintiff has adequately stated a claim against Bernard for retaliation and Count 4 survives screening.

### Disposition

**COUNTS 1, 2** and **4** of the Complaint (Doc. 5) will proceed. **COUNT 3** is **DISMISSED without prejudice**.

The Clerk of Court shall prepare for Defendants Bettis, Dennison, Justice and Bernard: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6

(Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the Complaint, and this Memorandum and Order to Defendant's place of employment as identified by Plaintiff. If Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on Defendant, and the Court will require Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the Complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g). **Pursuant to Administrative Order No. 244, Defendant needs only respond to the issues stated in this Merits Review Order.**

Plaintiff is **ADVISED** that he is under a continuing obligation to inform the Clerk of Court and each opposing party of any address changes; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**
**DATED: March 16, 2020**

/s/ Staci M. Yandle
**STACI M. YANDLE**
**U.S. District Judge**

### Notice

The Court will take the necessary steps to notify the appropriate defendants of your lawsuit and serve them with a copy of your complaint. After service has been achieved, the defendants will enter their appearance and file an Answer to your Complaint. It will likely take at least **60 days** from the date of this Order to receive the defendants' Answer, but it is entirely possible that

it will take **90 days** or more. When all the defendants have filed Answers, the Court will enter a Scheduling Order containing important information on deadlines, discovery, and procedures. Plaintiff is advised to wait until counsel has appeared for the defendants before filing any motions, to give the defendants notice and an opportunity to respond to those motions. Motions filed before defendants' counsel has filed an appearance will generally be denied as premature. **Plaintiff need not submit any evidence to the Court at this time, unless specifically directed to do so.**