IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| COREY EGNER, #S14263, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 19-cv-1213-RJD |
| ) | |
| JEFFREY DENNISON, et al., ) | |
| ) | |
| Defendants. ) | |
| ) | |

**ORDER**

**DALY, Magistrate Judge:**

This matter comes before the Court on Plaintiff's Motion for Reconsideration and for Leave to Amend his Complaint (Docs. 57 and 58). Defendant Bettis (previously dismissed without prejudice) filed a Response (Doc. 64) and Plaintiff filed a Reply (Doc. 65). As explained further, Plaintiff's Motion is DENIED. This matter also comes before the Court on Defendant Bettis' "Motion for Leave to File a Supplemental Letter Brief" (Doc. 66) which is DENIED.

**Background**

Plaintiff Egner, an inmate within the Illinois Department of Corrections, originally filed suit along with two other inmates in SDIL Case No. 19-cv-482 on April 30, 2019.[1] In their Complaint, Plaintiffs alleged that inmates placed on crisis watch at Shawnee Correctional Center ("Shawnee") suffered unconstitutional conditions of confinement. The windows were broken in the crisis watch cells, causing extreme hot/cold temperatures. The lights in their cells were never turned off. There was human excrement on the walls, mattresses, and floors. The Complaint

---

[1] Plaintiffs first filed suit in the Northern District of Illinois, and the Court transferred their suit to this Court.

further alleged that Plaintiff Egner qualified for the designation of "SMI" (serious mental illness) from 2016-2018, and mental health professionals improperly determined he no longer qualified for the SMI designation in 2019 (SDIL Case No. 19-cv-482, Doc. 1, p. 5, 8).  Plaintiffs also alleged that inmates on crisis watch at Shawnee received inadequate mental health treatment due to understaffing issues.  Plaintiffs sued employees of the Illinois Department of Corrections ("IDOC) and Wexford Health Sources, Inc. (a private contractor that provides healthcare to inmates within IDOC).

On May 10, 2019, the Court issued an Order warning the three plaintiffs of potential negative consequences related to group litigation (SDIL Case No. 19-cv-482, Doc. 10).  The Court gave the three plaintiffs the opportunity to withdraw from the case (or have their claims severed) without having to pay a filing fee for Case No. 19-cv-482 (*Id*.).  Plaintiff Egner submitted a pleading to the Court on May 28, 2019 that stated he wished to remain as a plaintiff in the group lawsuit (SDIL Case No. 19-cv-482, Doc. 23).   Also on May 28, 2019, Plaintiff Egner filed a notice informing the Court that he had transferred from Shawnee Correctional Center to Pinckneyville Correctional Center (SDIL Case No. 19-cv-482, Doc. 22).

Pursuant to 28 U.S.C. §1915A, the Court conducted a threshold review of the Complaint in Case No. 19-cv-482 and determined Plaintiffs failed to plead a cognizable claim (SDIL Case No. 19-cv-482, Doc. 37).   Plaintiffs were granted leave to file an amended complaint. (*Id*.).   On September 19, 2019, Plaintiff Egner filed a motion to sever his claims (SDIL Case No. 19-cv-482, Doc. 39). On that same date he also filed his First Amended Complaint, naming Defendant Bettis as a mental health professional who authorized his placement in an unsanitary and unsafe crisis watch cell (SDIL Case No. 19-cv-482, Doc. 40, p. 6).  He further alleged that Defendant Bettis falsified his records to make it appear as though he was receiving appropriate mental health

treatment, but she spent less than five minutes at a time with him (*Id*., pp. 6, 8). He alleged that Defendant Bettis improperly changed his SMI designation in 2019 (*Id*., p. 6). The Court granted Plaintiff's motion to sever and he proceeded as the sole Plaintiff in this case (SDIL Case No. 19-cv-482, Doc. 41). Two of Plaintiff's claims against Defendant Bettis in the First Amended Complaint survived a threshold review pursuant to 28 U.S.C. §1915A:

> Count 1:   Eighth Amendment deliberate indifference claim for subjecting Plaintiff to unconstitutional conditions of confinement.
>
> Count 2:   Eighth Amendment claim for deliberate indifference to Plaintiff's serious mental health needs.

(Doc. 11). The Court found that Plaintiff's allegation against Defendant Bettis regarding the SMI designation did not sufficiently state a cognizable claim (*Id*.).

Defendant Bettis filed a Motion for Summary Judgment, contending that Plaintiff failed to exhaust his administrative remedies prior to filing suit. Defendant pointed to Plaintiff's Grievance #2019-04-128 that Plaintiff submitted at Shawnee on April 15, 2019 and then appealed to the Administrative Review Board (Doc. 32-5). The Administrative Review Board ("ARB") issued a decision on Grievance #2019-04-128 on August 6, 2019-more than three months after Plaintiff filed suit in SDIL Case No. 19-cv-482, but approximately six weeks before he filed his First Amended Complaint that identified Defendant Bettis by name. The undersigned granted summary judgment in favor of Defendant Bettis, finding that Plaintiff failed to exhaust his administrative remedies against her prior to filing suit (Doc. 50).

**Motion to Reconsider**

Plaintiff asks the Court to reconsider its dismissal without prejudice of his claims against Defendant Bettis. A motion to reconsider may be granted where the Court made "manifest errors of fact or law" or where there is "newly discovered evidence." *Rothwell Cotton Co. v. Rosenthal*

*& Co.,* 827 F.2d 246, 251 (7th Cir. 1985) (*quoting Keene Corp. v. Intl. Fidelity Ins*., 561 F. Supp. 656 (N.D. Ill. 1982), aff'd, 736 F.2d 388 (7th Cir. 1982));  *Patrick v. City of Chicago*, 103 F. Supp.3d 907, 911-12 (N.D. Ill. 2015).   Plaintiff's motion suggests that he believes the Court made a manifest error of law (Doc. 57, p. 1) while his supporting memorandum suggests he is relying upon newly discovered evidence as the basis for reconsideration (Doc. 58, p. 1, 4).   However,

In any event, Plaintiff's arguments lack merit.   Plaintiff's memorandum does not identify any "newly discovered evidence."   Plaintiff contends that he was "hamstrung in defending against the exhaustion argument because he lacked counsel and access to his master file" and his "administrative remedies had in truth been exhausted against Defendant Bettis" via Grievance #2019-04-128.[2]   Of course, the Court acknowledged that Plaintiff took all steps necessary to exhaust his administrative remedies against Defendant Bettis via Grievance #2019-04-128 (Doc. 50, p. 3,4,8).   The Court granted Defendant Bettis' motion because Grievance #2019-04-128 was fully exhausted *after* Defendant filed suit against Defendant Bettis, explaining that the allegations in Plaintiff's original complaint in Case No. 19-cv-482 against Defendant Bettis were the same allegations he made against her in the First Amended Complaint.   Defendant Bettis was simply a "Jane Doe" defendant in the original complaint, identified only as a "Wexford medical provider." She was identified by name in the First Amended Complaint, but Plaintiff's allegations against her were not new.

Plaintiff then points to the Seventh Circuit's opinion in *Chambers v. Sood* where the Court reiterated that prisoners suing under §1983 cannot file their lawsuit before they exhaust their administrative remedies. 956 F.3d 979, 984 (7th Cir. 2020).   However, the Seventh Circuit further

---

[2] Plaintiff was not represented while the Motion for Summary Judgment was pending. He has since been appointed counsel.

explained that when an inmate files an amended complaint that raises a new claim against a new defendant, the inmate may proceed if he exhausted his administrative remedies after filing his original complaint, but before he filed the amended complaint. *Id.* In granting summary judgment to Defendant Bettis, the undersigned also cited the *Chambers* opinion and explained that is not the case here:

> Plaintiffs' original complaint in Case No. 19-cv-482 alleged that IDOC and Wexford employees subjected inmates on crisis watch at Shawnee to unconstitutional conditions of confinement. Plaintiff further alleged that inmates on crisis watch received inadequate mental health treatment. Plaintiff makes those same allegations against Defendant Bettis in the First Amended Complaint.[3] Plaintiff's alleged interactions with Defendant Bettis occurred prior to April 30, 2019 (the date Plaintiffs filed the original Complaint), as evidenced by the allegations in the original Complaint and Grievance No. 2019-04-128 (submitted by Plaintiff on April 15, 2019).[4] Consequently, the PLRA required Plaintiff to exhaust his administrative remedies against Defendant Bettis on or before April 30, 2019.

(Doc. 50, pp. 7-8).   Plaintiff's Motion for Reconsideration is DENIED.

**Motion for Leave to File a Second Amended Complaint**

Plaintiff asks the Court for leave to file a Second Amended Complaint that contains claims against Defendant Bettis and Wexford Health Sources, Inc. (her employer). Federal Rule of Civil Procedure 15(a) provides that a party may amend a pleading and that leave to amend should be freely given "when justice so requires." The Seventh Circuit recognizes that "the complaint merely serves to put the defendant on notice and is to be freely amended or constructively amended as the case develops, as long as amendments do not unfairly surprise or prejudice the defendant." *Toth v. USX Corp.*, 883 F.2d 1297, 1298 (7th Cir. 1989); *see also Winger v. Winger*, 82 F.3d 140,

---

[3] *Cf.* Doc. 5, p. 6, ¶2 *to* Doc. 1 p. 5 in SDIL Case No. 19-cv-482.

144 (7th Cir. 1996) (quoting *Duckworth v. Franzen*, 780 F.2d 645, 649 (7th Cir. 1985)) ("The Federal Rules of Civil Procedure create [a system] in which the complaint does not fix the plaintiff's rights but may be amended at any time to conform to the evidence."). However, the Court may deny leave where there is undue delay or the amendment would be futile. *Gonzalez-Koeneke v. West*, 791 F.3d 801, 807 (7th Cir. 2015). As explained above, Defendant Bettis was dismissed without prejudice from this matter and the Court will not grant Plaintiff leave to renew his claims against her. Accordingly, at least some of the claims in Plaintiff's proposed second amended complaint are futile and therefore the Motion for Leave to Amend is DENIED.

The Court notes that Defendant Bettis argues on behalf of her employer that Plaintiff should not be granted leave to bring claims against Wexford because Plaintiff did not exhaust his administrative remedies against Wexford. Defendant Bettis also filed a "Motion for Leave to File a Supplemental Letter Brief" to argue that Plaintiff's claims against Wexford in the proposed second amended complaint are barred by the statute of limitations. Defendant's Motion is DENIED, as this Court does not accept letters written to the Clerk of Court in lieu of arguments properly raised in accordance with the local rules. Moreover, affirmative defenses like the statute of limitations normally do not have to be addressed by the allegations in the Complaint. *Barry Aviation Inc. v. Land O'Lakes Mun. Airport Com'n*, 377 F.3d 682, 688 (7th Cir. 2004). However, Plaintiff is cautioned to take note of these issues when deciding whether to file a renewed motion for leave to bring claims against Wexford. Given the age of this case, the Court will not be inclined to unduly delay this matter by adding claims that will be immediately subject to dispositive motions. *See Gonzalez-Koeneke*, 791 F.3d at 807.

## CONCLUSION

Plaintiff's Motion for Reconsideration and for Leave to Amend his Complaint (Docs. 57

and 58) is DENIED. Defendant Bettis' "Motion for Leave to File a Supplemental Letter Brief" (Doc. 66) is DENIED.

**IT IS SO ORDERED.**

**DATED:   January 24, 2022**

           *s/ Reona J. Daly*
           **Hon. Reona J. Daly**
           **United States Magistrate Judge**